UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HUSEYIN DEMIROZ,

                          Plaintiff,                              **COMPLAINT**

   -against-

CEL MANAGEMENT INC. and CELAL SECILMIS,

                          Defendants.
------------------------------------------------------------------------X

Plaintiff, HUSEYIN DEMIROZ ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, CEL MANAGEMENT INC. and CELAL SECILMIS (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to recover unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

1

**PARTIES**

5.      At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

6.      Defendant, CEL MANAGEMENT INC., was and still is a domestic business corporation that operates a retail gas station at 1550 Brentwood Road, Bayshore, New York 11706.

7.      At all times relevant, Defendant, CEL MANAGEMENT INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

8.      At all times relevant, Defendant, CEL MANAGEMENT INC., is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9.      At all times relevant, Defendant, CEL MANAGEMENT INC., has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10.     Defendants' service station requires a "wide variety" of materials that have moved through interstate commerce such as gasoline, petroleum products, cleaning supplies, and more.

11.     At all times relevant, Defendant, CELAL SECILMIS, was an owner and/or officer of CEL MANAGEMENT INC., had authority to make payroll and personnel decisions for

2

Defendant's business, and was active in the day to day management of the business, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

## **FACTS**

12. Plaintiff was a non-exempt, hourly-paid employee of Defendants from in or about 2013 to in or about May 2026.

13. Throughout his employment with Defendants, Plaintiff regularly worked from 6:00 a.m. to 6:00 p.m., 6 days and more than 40 hours per week.

14. Plaintiff regularly worked more than forty hours in a workweek, but Defendants failed to pay Plaintiff at the rate of times his regular rate for all hours worked in excess of 40 hours per workweek. Instead, Defendants paid Plaintiff at his regular hourly rate for all hours worked each workweek, including those hours that Plaintiff worked after 40 hours per workweek.

15. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours worked after forty (40) hours per week in violation of the FLSA.

16. Defendants failed to provide written notice to Plaintiff of his rate of pay; basis of her rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the NYLL.

17. Defendants failed to furnish Plaintiff with an accurate statement of his wages each pay period setting forth the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the NYLL.

18. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

19.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

20.    Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

21.    Defendants failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

22.    Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

23.    Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

24.    As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

25.    Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

26.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

27.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours he worked after forty (40) hours per week in violation of the FLSA.

28.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

29.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

30.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR OVERTIME WAGES

31.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff overtime pay for the hours they worked after forty (40) hours per week in violation of NYLL.

33.     By Defendants' failure to pay Plaintiff overtime wages for hours worked after 40 hours per week, Defendants willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

34.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**WAGE NOTICE VIOLATION**

35.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36.     Defendants failed to provide Plaintiff with written notice in his primary language of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195.

37.     Defendants are liable to Plaintiff for damages in the amount of $5,000.00.

**FOURTH CLAIM FOR RELIEF**
**WAGE STATEMENT VIOLATION**

38.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Defendants failed to furnish Plaintiff with an accurate statement of his wages each pay period setting forth the overtime rate of pay and number of overtime hours worked as required by NYLL § 195(3).

40.     Defendants are liable to Plaintiff for damages in the amount of $5,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

6

(i.)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor Regulations;

(ii.)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.)    Unpaid wages pursuant to NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.)    Damages pursuant to NYLL § 198;

(v.)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vi.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 9, 2026

ROMERO LAW GROUP PLLC

By:    */s/ Peter A. Romero*
Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*